| | |
|---|---|
| **NICHOLAS & TOMASEVIC, LLP**<br> Craig M. Nicholas (SBN 178444)<br> Alex Tomasevic (SBN 245598)<br>225 Broadway, 19th Floor<br>San Diego, California 92101<br>Tel: (619) 325-0492<br>Fax: (619) 325-0496<br>Email: cnicholas@nicholaslaw.org<br>Email: atomasevic@nicholaslaw.org<br><br>Attorneys for Plaintiffs | |

'17CV0168 CAB NLS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLY HECK, an individual; SARA LUND, an individual; and ALLY ORTANEZ, an individual,<br><br>       Plaintiff,<br>vs.<br><br>HEAVENLY COUTURE, INC., a California Corporation,<br><br>       Defendant. | **COLLECTIVE, CLASS ACTION, AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY WAGES DUE UNDER THE FAIR LABOR STANDARDS ACT;**<br><br>**(2) FAILURE TO PAY MEAL PERIOD PREMIUM PAY UNDER STATE LAW;**<br><br>**(3) FAILURE TO PAY REST BREAK PREMIUM PAY UNDER STATE LAW;**<br><br>**(4) FAILURE TO PAY REGULAR WAGES UNDER STATE LAW;**<br><br>**(5) FAILURE TO PAY OVERTIME WAGES UNDER STATE LAW;**<br><br>**(6) WAITING-TIME PENALTIES UNDER STATE LAW;**<br><br>**(7) FAILURE TO PROVIDE ACCURAGE WAGE STATEMENTS UNDER STATE LAW;**<br><br>**(8) VIOLATIONS OF CALIFORNIA'S UCL;**<br><br>**(9) ENFORCEMENT OF CALIFORNIA'S PRIVATE ATTNORNEY GENERAL ACT.** |

CLASS ACTION COMPLAINT

Plaintiffs, Carly Heck, Sara Lund, and Ally Ortanez (collectively "Plaintiffs"), on behalf of themselves and those similarly situated, based upon facts which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, allege as follows:

**INTRODUCTION**

1. This is a hybrid collective action, under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") for violation of federal law, and a class action, under Federal Rule of Civil Procedure ("FRCP") Rule 23 for violations of California state law. This is also a representative action for enforcement of California's Private Attorneys General Act ("PAGA").

2. Defendant Heavenly Couture, Inc. ("Defendant" or "Heavenly"), sells fashion apparel and accessories in retail stores located throughout the country.

3. Plaintiffs are non-exempt, hourly, in-store employees who worked at Defendant's retail stores.

4. Defendant unlawfully forced Plaintiffs to work uncompensated regular and overtime hours, cheating Plaintiffs out of premium pay for regular and overtime pay. Additionally, Defendant exploited Plaintiffs by failing to provide legally mandated meal and rest breaks. Defendant attempted to conceal its unlawful conduct by failing to provide accurate wage statements. Defendant failed to pay all wages when due.

5. Heavenly's employment practices are in violation of the FLSA, the Code of Federal Regulations, the California Labor Code, the California Code of Regulations, California Industrial Wage Commission ("IWC") Wage Orders, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. Defendant's employment practices are unfair to its employees and competitors; thus, Plaintiffs bring this complaint for recovery of wages, penalties, and unjust gains realized by Defendant.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4) because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiffs' federal wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.

8. This Court has jurisdiction over Heavenly, because it is a California corporation and conducts substantial business in California. Heavenly intentionally availed itself to the laws and markets of California through operation of its business in California.

9. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b) and (c). A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial District.

## THE PARTIES

10. Plaintiff Carly Heck is, and at all times herein mentioned was, an individual residing in the County of San Diego, California. Ms. Heck was employed by and worked for Defendant as a non-exempt, hourly, in-store employee. She held the positions of Assistant Manager and Store Manager. Ms. Heck worked for Defendants from approximately November 15, 2015 until August 14, 2016.

11. Plaintiff Sara Lund is, and at all times herein mentioned was, an individual residing in the County of San Diego, California. Ms. Lund was employed by and worked for Defendants as a non-exempt, hourly, in-store employee. She was an Assistant Manager. Ms. Lund worked for Defendants from approximately November of 2015 until June 10, 2016.

12. Plaintiff Ally Ortanez is, and at all times herein mentioned was, an individual residing in the County of San Diego, California. Ms. Ortanez was employed by and worked for Defendants as a non-exempt, hourly, in-store employee. She held the positions Sales Associate and as a Store Manager. Ms. Ortanez worked for Defendants from approximately November of 2014 until July of 2016.

13. Plaintiffs are informed and believe defendant Heavenly Couture, Inc. is, and at all times mentioned was, a corporation organized and existing under and by virtue of the laws of the State of California, and doing business in the County of San Diego, State of California.

**GENERAL ALLEGATIONS**

14. Defendant is the owner/operator of a chain of retail clothing stores. Plaintiffs are and were non-exempt, hourly, in-store employees at Defendant's stores.

15. Defendant refused to give Plaintiffs proper meal or rest breaks. Defendant's policy was for its employees to clock out for their breaks but immediately return to the sales floor to continue working. In other words, Defendant required Plaintiffs to work off the clock and during legally-mandated breaks and meal periods.

16. At times, Defendant required Plaintiffs to work more than eight hours in each day, sometimes requiring that Plaintiffs work more than twelve hours in a day. Additionally, Defendant required Plaintiffs to work more than forty hours per week. Defendants did not adequately compensate Plaintiffs for overtime hours worked, as required under the FLSA and California law.

17. All or some Plaintiffs complained to Defendant's management about the failure to provide meal and rest breaks. Complaining or insisting on rights to take breaks resulted in disciplinary action. For example, Plaintiff Heck once ate a

yogurt in the back of the store during her lunch break rather than remaining on the sales floor to help customers. This resulted in discipline.

18. Upon termination of all or some of Plaintiffs' employment, Defendant did not remedy the wage violations noted above. Those amounts remain unpaid to date and subject Defendant to waiting time penalties.

## **COLLECTIVE ACTION ALLEGATIONS**

19. By its actions described in this complaint, Defendant violated the FLSA and Plaintiffs now bring a collective action for violations of the FLSA on behalf of the COLLECTIVE ACTION GROUP which is defined as:

> All persons nationwide who were, are, or will be employed by Heavenly as a non-exempt, hourly, in-store employee or in any other substantially similar positions during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine.

20. To the extent equitable tolling operates to toll claims by the COLLECTIVE ACTION GROUP against the Defendant, the applicable statute of limitations and period for calculating damages should be adjusted accordingly.

21. Plaintiffs bring this lawsuit on behalf of themselves individually and the COLLECTIVE ACTION GROUP as a collective action. Defendant is engaged in communication, business, and transmission throughout the United States and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

22. Federal labor law mandates that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation. *See* 29 C.F.R. §778.223 and 29 C.F.R. §778.315.

23. Defendant willfully engaged in a widespread pattern and practice of violating these provisions by failing to pay required wages.

24. This action meets all prerequisites for the maintenance of a collective action under the FLSA. Specifically:

(a) The persons who comprise the COLLECTIVE ACTION GROUP exceed 100 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory, and injunctive relief issues that are raised in this Complaint are common to the COLLECTIVE ACTION GROUP and will apply uniformly to every member of the COLLECTIVE ACTION GROUP;

(c) The claims of the representative Plaintiffs are typical of the claims of each member of the COLLECTIVE ACTION GROUP. Plaintiffs, like all other members of the COLLECTIVE ACTION GROUP, were subjected to Defendant's illegal practices of failing to pay all required wages. Plaintiffs sustained economic injury as a result of Defendant's employment practices. Plaintiffs and the members of the COLLECTIVE ACTION GROUP were and are similarly or identically harmed by the same unlawful, deceptive, unfair, and pervasive pattern of misconduct engaged in by Defendant; and

(d) The representative Plaintiffs will fairly and adequately represent and protect the interest of the COLLECTIVE ACTION GROUP, and have retained attorneys who are competent and experienced in similar litigation. There are no material conflicts between the claims of the representative Plaintiffs and the members of the COLLECTIVE ACTION GROUP that make collective treatment inappropriate. Counsel for the COLLECTIVE ACTION GROUP will vigorously assert the claims of the entire COLLECTIVE ACTION GROUP.

## THE CALIFORNIA CLASS

25. Plaintiffs also bring claims under California Law as a class action pursuant to FRCP Rule 23 on behalf of a CALIFORNIA CLASS which consists of:

> All of Defendant's California employees who were, are, or will be employed by Heavenly as a non-exempt, hourly, in-store employee or in any other substantially similar positions during the period commencing four years prior to the filing of this Complaint and ending on the date as determined by the Court.

26. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against Defendant, the applicable statute of limitations or recovery period should be adjusted accordingly.

27. Plaintiffs are informed and believe that at least one member of the CALIFORNIA CLASS is a citizen of a state other than California. Plaintiffs are informed and believe that the amount in controversy in the Complaint exceeds the sum or value of $5,000,000.

28. Defendant, as a matter of corporate policy, practice, and procedure, and in violation of the applicable California Labor Code, IWC Wage Order Requirements, and other applicable provisions of California law, intentionally, knowingly, and willfully refused to pay all compensation owed to the Plaintiffs and the other members of the CALIFORNIA CLASS for their hours worked, failed to provide accurate itemized wage statements, failed to provide meal and rest breaks, and failed to pay all wages when due.

29. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in FRCP Rule 23, in that:

   (a) The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

   (b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply uniformly to every member of the CALIFORNIA CLASS;

   (c) The claims of the representative Plaintiffs are typical of the claims of each member of the CALIFORNIA CLASS. Plaintiffs, like all other

members of the CALIFORNIA CLASS, were subjected to Defendant's illegal practice of refusing to pay all wages, refusing to provide meal and rest breaks, refusing to pay wages when due, and refusing to provide accurate wage statements. Plaintiffs sustained economic injury as a result of Defendant's employment practices. Plaintiffs and the members of the CALIFORNIA CLASS were and are similarly and identically harmed by the same unlawful, deceptive, unfair, and pervasive pattern of misconduct engaged in by Defendant; and

(d) The representative Plaintiffs will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and have retained attorneys who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative Plaintiffs and the members of the CALIFORNIA CLASS that make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all class members.

30. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to FRCP Rule 23, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory, and other legal questions within a class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members establishing incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS and/or which would as a practical matter be dispositive of interests of the other members not party to the adjudication. This would substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole.

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members. A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4) The difficulties likely to be encountered in the management of a Class Action; and,

5) The basis of Defendant's conduct towards Plaintiffs and the CALIFORNIA CLASS.

31. The class is ascertainable. Defendant maintains records from which the Court can ascertain the identity, job title, employment dates, and other information of each of Defendant's employees who were systematically, intentionally, and uniformly subjected to Defendant's unlawful behavior. The records of Defendant will identify which employees failed to receive the compensation to which they were entitled, who failed to have all hours worked

properly recorded, who failed to receive meal and rest breaks, and who were not paid all wages when due.

**FIRST CAUSE OF ACTION**
**BY PLAINTIFFS ON BEHALF OF THEMSELVES AND COLLECTIVELY ON BEHALF OF THOSE SIMILARLY SITUATED FOR FAILURE TO PAY WAGES DUE UNDER THE FLSA**
**(Collective Action under the FLSA)**

32. Plaintiffs incorporate by reference each and every allegation contained above.

33. Plaintiffs bring this claim individually and on behalf of the COLLECTIVE ACTION GROUP.

34. Defendant knowingly, willfully, and intentionally failed to compensate Plaintiffs and the COLLECTIVE ACTION GROUP all wages due and owed under the FLSA, including agreed-upon wages and the applicable minimum hourly wage, as mandated by 29 U.S.C. § 206(a), and for overtime hours, as mandated by 29 U.S.C. § 207(a), 29 C.F.R. §778.223, and 29 C.F.R. §778.315.

35. Defendant's willful violation of the FLSA entitles Plaintiffs to recover unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest. This amount will be determined at trial. *See* 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR FAILURE TO PAY MEAL PERIOD PREMIUM PAY UNDER STATE LAW**
**(Class Action under FRCP Rule 23)**

36. Plaintiffs incorporate by reference each and every allegation contained above.

37. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

38. Under California law, during qualifying shifts, employees are entitled to an uninterrupted meal period during which they are relieved of all duties. If meal

periods are not provided during qualifying shifts, the employer must pay the employee one hour of pay at the employee's regular rate of compensation.

39. Plaintiffs and the CALIFORNIA CLASS consistently worked qualifying shifts without receiving meal periods. Defendants failed to compensate for this.

40. Plaintiffs are entitled to recover an amount equal to one hour of wages per missed meal period, interest, applicable penalties, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION
BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR FAILURE TO PAY REST BREAK PREMIUM PAY UNDER STATE LAW
(Class Action under FRCP Rule 23)**

41. Plaintiffs incorporate by reference each and every allegation contained above.

42. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

43. Under California law, employees are entitled to a paid ten minute rest break for every four hour period worked, or significant portion thereof. During rest breaks, employers must relieve employees of all duties and relinquish control over how they spend their time. For each day adequate rest periods are not provided, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation.

44. Plaintiffs and the CALIFORNIA CLASS consistently worked over four hours per day without adequate rest breaks. Defendant failed to compensate for the missed breaks.

45. Plaintiffs are entitled to recover an amount equal to one hour of wages per missed rest break, interest, applicable penalties, attorneys' fees, and costs.

[*Rest of page intentionally left blank.*]

### FOURTH CAUSE OF ACTION
### BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR FAILURE TO PAY REGULAR WAGES UNDER STATE LAW
### (Class Action under FRCP Rule 23)

46. Plaintiffs incorporate by reference each and every allegation contained above.

47. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

48. California law requires an employer to pay each employee pay at a rate of at least minimum wage for each hour (or fraction thereof) that an employee works in a workday.

49. In violation of the California Labor Code, Defendant did not pay, and Plaintiffs and the CALIFORNIA CLASS did not receive, the full amount of regular pay for their work on numerous days. For example, Defendant made Plaintiffs, and other members of THE CALIFORNIA CLASS, do off-the-clock work.

50. Plaintiffs are entitled to recover the full amount of their regular pay, interest, applicable penalties, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION
### BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR FAILURE TO PAY OVERTIME WAGES UNDER STATE LAW
### (Class Action under FRCP Rule 23)

51. Plaintiffs incorporate by reference each and every allegation contained above.

52. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

53. California law requires an employer to pay each employee premium pay at a rate of at least one and a half times the employee's regular hourly wage for each hour (or fraction thereof) that an employee works in excess of eight hours in a workday or forty hours in a workweek.

54. During employment, Plaintiffs and the CALIFORNIA CLASS worked in excess of eight hours in one or more workdays and/or in excess of forty hours in a workweek.

55. In violation of the California Labor Code, Defendant did not pay, and Plaintiffs and the CALIFORNIA CLASS did not receive, the full amount of overtime premium pay for their work on these days.

56. Plaintiffs are entitled to recover the full amount of their overtime premium pay, interest, applicable penalties, attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR WAITING-TIME PENALTIES UNDER STATE LAW**
**(Class Action under FRCP Rule 23)**

57. Plaintiffs incorporate by reference each and every allegation contained above.

58. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

59. Pursuant to California Labor Code section 201, unpaid wages are due upon termination.

60. Defendant failed to pay the earned and unpaid wages of Plaintiffs and the CALIFORNIA CLASS in the required amount of time.

61. Pursuant to California Labor Code section 203, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

62. Accordingly, Plaintiffs are entitled to recover waiting-time penalties under California Labor Code section 203 in an amount equal to 30 times their daily wage.

## SEVENTH CAUSE OF ACTION
## BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR FAILURE TO PROVIDE ACCURAGE WAGE STATEMENTS UNDER STATE LAW
### (Class Action under FRCP Rule 23)

63. Plaintiffs incorporate each and every allegation contained above and below.

64. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

65. The purpose for section 226 is to ensure the employees are able to determine whether or not they are being paid their wages in accordance with California law. Under Labor Code section 226(h), "[a]n employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

66. Defendants violated the above statute by failing to provide paystubs which accurately accounted for all hours worked and pay owed. None of the statements provided by Defendants to Plaintiffs and the CALIFORNIA CLASS accurately reflected true hours worked, overtime hours owed, actual gross wages, net wages earned, or any premium wages owed for Defendants' failure to provide lawful meal and rest periods. Because Plaintiffs were not aware of what their true wages should be and how they were calculated, they suffered economic loss in the form of lower wages for their labor.

67. Defendant's violations of Labor Code section 226 are ongoing and will continue until and unless this Court enters an injunction barring such violations. Plaintiffs therefore seek damages and injunctive relief pursuant to Labor Code section 226, subsections (e) and (g), respectively, including attorneys' fees and costs incurred therein.

[*Rest of page intentionally left blank.*]

# EIGHTH CAUSE OF ACTION
## BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR VIOLATIONS OF CALIFORNIA'S UCL
### (Class Action under FRCP Rule 23)

68. Plaintiffs incorporate each and every allegation contained above and below.

69. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

70. California Business & Professions Code § 17200 et seq. ("UCL") prohibits business practices which are "unlawful."

71. Defendant has committed, and upon information and belief continues to commit, ongoing unlawful business practices within the meaning of California's UCL, including, but not limited to: (i) Compelling Plaintiffs to work for periods of five or more consecutive hours without having at least a one half hour break for meals; (ii) Compelling Plaintiffs to work for periods of four or more consecutive hours without having at least a one ten minute rest period; (iii) Failing to pay Plaintiff their premium wages earned while working without the legally mandated meal and rest breaks; (iv) Failing to pay Plaintiffs the full amount of regular and premium wages earned during workdays; (v) Failing to pay Plaintiffs the full amount of their earned and unpaid wages at the time of discharge; and (vi) Failing to provide accurate and itemized wage statements required under California law.

72. The unlawful business practices described above have proximately caused monetary damages to Plaintiffs and to the general public.

73. Pursuant to the UCL, Plaintiffs and the CALIFORNIA CLASS are entitled to restitution of money or property acquired by Defendant by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

74. Pursuant to the UCL, Plaintiffs and the general public are entitled to injunctive relief against Defendant's ongoing continuation of such unlawful business practices.

75. If an injunction does not issue enjoining Defendant from engaging in the unlawful business practices described above, Plaintiffs and the general public will be irreparably injured, the exact extent, nature, and amount of such injury being impossible to ascertain.

76. Plaintiffs have no plain, speedy, and adequate remedy at law.

77. Defendant, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiffs and of the general public.

78. Plaintiffs' success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

79. Private enforcement of these rights is necessary as no public agency has pursued enforcement. There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action.

80. Plaintiffs are therefore entitled to an award of attorneys' fees and costs of suit pursuant to California Code of Civil Procedure section 1021.5.

**NINTH CAUSE OF ACTION**
**BY PLAINTIFFS ON BEHALF OF THEMSELVES AND**
**ALL SIMILARLY-AGGRIEVED EMPLOYEES FOR ENFORCEMENT OF**
**CALIFORNIA'S PRIVATE ATTNORNEY GENERAL ACT**
**(Representative Action under PAGA)**

81. Plaintiffs incorporate each and every allegation contained above and below.

82. Plaintiffs bring this claim individually and on behalf of the as representatives of all similarly-aggrieved employees of Defendant.

83. PAGA permits aggrieved employees, like Plaintiffs, to recover civil penalties for violations of numerous Labor Code sections. (*See* Cal. Labor Code, § 2699.5.)

84. Defendant's conduct, as alleged above, violates numerous sections of the California Labor Code, including, but not limited to, the following:

   a. Labor Code sections 201, 202, 203, 204, and 223 for failure to timely pay Plaintiffs and other aggrieved employees all wages earned;

   b. Labor Code sections 223, 510, 1194, 1197, and 1199 for failure to pay Plaintiffs and other aggrieved employees all mandatory minimum wages and overtime;

   c. Labor Code section 226 *et seq.*, for failure to provide accurate wage statements to Plaintiffs and other aggrieved employees;

   d. Labor Code sections 226.7 and 512, for failure to provide meal and rest breaks; and

   e. Labor Code section 1174, for failure to maintain accurate employment records related to Plaintiffs' and other aggrieved employees' work.

85. Plaintiffs complied with all administrative requirements and pre-conditions contained within California Labor Code section 2699.3. Plaintiffs notified the PAGA authorities of these violations and their intent to bring a representative action. They waited the prescribed period of time. Plaintiffs have not received any response from the PAGA authorities.

86. Pursuant to PAGA and, in particular, California Labor Code sections 2699, 2699.3, and 2699.5, Plaintiffs are entitled to and hereby seek to recover civil penalties against Defendant, in addition to reasonable attorney fees and costs, on behalf of themselves and all other similarly-aggrieved current and former employees for violation of the Labor Code sections referenced in this Complaint.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on their own behalf and on the behalf of those similarly situated, pray for judgment as follows:

1. For an order certifying the federal claims as a collective action;

2. For an order certifying as a class action, under FRCP Rule 23, the state law claims;

3. For consequential damages according to proof;

4. For statutory damages and penalties, including civil penalties due under PAGA, according to proof;

5. For a declaration that Heavenly violated the rights of Plaintiffs and those similarly situated under California and federal law;

6. For liquidated damages according to proof pursuant to California Labor Code section 1194.2 and the FLSA;

7. For waiting time penalties according to proof pursuant to California Labor Code section 203;

8. That Heavenly be ordered to show cause why it should not be enjoined and ordered to comply with the applicable Labor Code and FLSA provisions related to minimum wage compensation, overtime compensation, and record keeping for Heavenly's employees; and for an order enjoining and restraining Heavenly and its agents, servants, and employees related thereto;

9. For restitution to Plaintiffs and those similarly situated of all funds unlawfully acquired by Heavenly by means of any acts or practices declared by this Court to violate the mandates established by California's UCL;

10. For an injunction to prohibit Heavenly to engage in the unfair business practices complained of here;

11. For an injunction requiring Heavenly to give notice to persons to whom restitution is owing of the means by which to file for restitution;

12. For actual damages or statutory penalties according to proof as set forth in California Labor Code section 226;

13. For pre-judgment interest as allowed by California Labor Code sections 218.5 or 1194 and California Civil Code section 3287;

14. For reasonable attorneys' fees, expenses and costs as provided by California Labor Code sections 226 or 1194 and Code of Civil Procedure section 1021.5, and the FLSA; and

15. For such other relief that the court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a Trial by Jury.

Respectfully submitted:

DATED: January 27, 2017          **NICHOLAS & TOMASEVIC, LLP**

By:    /s/ Alex Tomasevic
Craig M. Nicholas
Alex M. Tomasevic

*Attorneys for Plaintiffs*