UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLY HECK, an individual; SARA LUND, an individual; and ALLY ORTANEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HEAVENLY COUTURE, INC., a California Corporation,<br><br>Defendant. | Case No.: 3:17-CV-0168-CAB-NLS<br><br>**ORDER RE MOTION TO DISMISS AND MOTION TO COMPEL ARBITRATION**<br><br>[Doc. Nos. 10 and 11] |

This matter is before the Court on Heavenly Couture's motion to dismiss [Doc. No. 10] and motion for an order compelling arbitration and/or immediately staying civil action [Doc. No. 11]. The motions have been fully briefed and the Court deems them suitable for submission without oral argument. For the reasons set forth below, the motion to dismiss is **GRANTED** with leave to amend as to the FLSA claim, and the motion to compel arbitration and/or stay civil action is deemed moot and **DENIED** without prejudice. The Court declines to exercise supplemental jurisdiction over, and dismisses without prejudice to filing in state court, Plaintiffs' state law claims.

## FACTUAL BACKGROUND

Plaintiffs Carly Heck, Sara Lund, and Ally Ortanez (collectively "Plaintiffs") bring this hybrid collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and a class action, under Federal Rule of Civil Procedure ("FRCP") Rule 23 for

violations of California state law. Plaintiffs also bring a representative action for enforcement of California's Private Attorneys General Act ("PAGA"). Plaintiffs were non-exempt, hourly, in-store employees of Defendant Heavenly Couture, Inc., a California corporation which operates a chain of retail clothing stores. Plaintiffs allege Defendant forced Plaintiffs to work uncompensated regular and overtime hours. Plaintiffs also allege Defendant failed to provide state-law-mandated meal and rest breaks, and that Defendant attempted to conceal such conduct by failing to provide accurate wage statements. Plaintiffs allege Defendant maintains a policy requiring employees to work off the clock during breaks and meal periods, and that Defendant failed to compensate Plaintiffs for overtime hours worked as required by FLSA and California law. Plaintiffs allege Defendant's employment practices are in violation of the FLSA, the Code of Federal Regulations, the California Labor Code, the California Code of Regulations, California Industrial Wage Commission Wage Orders, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

Plaintiffs originally filed this action in the San Diego Superior Court on October 11, 2016. Defendant filed a motion to compel arbitration in that action on January 13, 2017. [Doc. No. 11-2, ¶2.] Prior to the hearing scheduled for February 10, 2017 on that motion, the Plaintiffs dismissed their state court action without prejudice on January 31, 2017. [Doc. No. 11-2, ¶¶3-5.] Plaintiffs subsequently filed the current action in this Court on the same day with the additional cause of action under the FLSA.

Defendant argues that the Plaintiffs' cause of action under the FLSA should be dismissed because Plaintiffs "fail to allege any specific facts regarding which plaintiff supposedly worked off-the-clock, on what occasions and for how long." [Doc. No. 10-1 at 8.] Defendant also argues that the Court should decline to exercise supplemental jurisdiction over the Plaintiffs' California state law claims. [Doc. No. 10-1 at 10.] Defendant argues that the Plaintiffs' "state law claims and federal claim do not arise from a common nucleus of operative fact." [Doc. No. 10-1 at 11.] Defendant alleges that the only connection between the Plaintiffs' state law claims and federal claim is that both

derive from the Plaintiffs' employment relationship with the Defendant. Defendant also asserts that Plaintiffs' state law claims substantially predominate over their federal claim. [Doc. No. 10-1 at 13.]

# LEGAL STANDARDS

## A. MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law are insufficient to defeat a motion to dismiss"). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a [12(b)(6)] motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## B. SUPPLEMENTAL JURISDICTION

28 U.S.C. Section 1367 provides in pertinent part that: "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even when claims are so related to claims within the original jurisdiction that they form part of the same case or controversy, federal district courts are not always required to entertain them. Thus, the

statute expressly provides that district courts may decline to exercise supplemental jurisdiction under any of the following circumstances:

> (1) The claim raises a novel or complex issue of state law;
> (2) The claim substantially predominates over the claim or claims over which the court has original jurisdiction;
> (3) The court has dismissed all claims over which it had original jurisdiction; or
> (4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

## ANALYSIS

### A. MOTION TO DISMISS

The Ninth Circuit's decision in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), clarified the pleading requirements set forth in *Iqbal* and *Twombly* in the context of an FLSA unpaid overtime claim. In *Landers*, the plaintiff alleged that he was not paid minimum wage and was "subjected to a 'piecework no overtime' wage system, whereby he worked in excess of forty hours per week without being compensated for his overtime." *Landers*, 771 F.3d at 640. The Ninth Circuit held that these allegations were inadequate, and that although "detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim, . . . to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644-45. To that end, the Ninth Circuit affirmed dismissal of the complaint, finding that "Landers's allegations failed to provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week." *Id.* at 646 (internal quotations and brackets omitted).

Here, Plaintiffs' allegations fail to provide sufficient detail regarding the length and frequency of unpaid work. Nor do Plaintiffs provide any detail regarding the alleged policy of Defendant requiring employees to work unpaid hours. Plaintiffs assert that "Defendant required Plaintiffs to work more than forty hours per week." [Doc. No. 1 at 4.] Plaintiffs

4

then assert that "Defendants did not adequately compensate Plaintiffs for overtime hours worked…." [Doc. No. 1 at 4.] These are merely legal conclusions which recite the elements of a FLSA violation. By these undetailed statements, Plaintiffs fail to meet the required burden under *Landers*. Plaintiffs' argument that insisting on rights to take breaks resulted in disciplinary action bears no relation to their FLSA claim, because the FLSA does not require employers to provide breaks (that is a state law issue). Plaintiffs do allege that Plaintiff Heck was once disciplined for eating a yogurt on her lunch break instead of helping customers. But the complaint fails to state why this undescribed discipline violates federal law. While the FLSA does require a minimum wage to be paid during working hours, Plaintiffs do not allege in the "yogurt" incident that Plaintiff Heck was unpaid for hours worked.

In their response to Defendant's motion to dismiss, Plaintiffs assert that they have "pled details regarding Defendant's corporate policy of requiring employees to falsify time records" in an effort to avoid paying for all hours worked by employees. [Doc. No. 18 at 2.] This assertion is incorrect. In their complaint, Plaintiffs merely state that "Defendant's policy was for its employees to clock out for their breaks but immediately return to the sales floor to continue working." [Doc. No. 1 at 4.] The only other mention of a corporate policy by Defendant is a mere conclusion that Defendant had such a policy. [Doc. No. 1 at 7.] These are not details, taken as true, from which the Court can reasonably infer that Defendant instituted a policy of not paying employees for working more than 40 hours in a week or failing to pay minimum wage for hours worked.

The closest that the Plaintiffs come to meeting their burden of pleading required under *Landers* is stating in their response that "sometimes" missed breaks resulted in Plaintiffs actually working "more than eight hours a day **or** forty in a week" for which they were not paid overtime. [Doc. No. 18 at 2 (emphasis added).] This is insufficient to state a claim. Did the Plaintiffs actually work more than forty hours in a week for which they were not paid the proper overtime pay required under FLSA? Or did they work more than eight hours a day for which they were not paid overtime pay (which is not required

5

by FLSA)? The Court cannot answer these questions because the Plaintiffs assert that it was one of the two, but do not explicitly say which. More detail is necessary in order for Plaintiffs to meet their burden and state a claim. As required by the Ninth Circuit under *Landers*, "to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." 771 F.3d at 644-45.

B. SUPPLEMENTAL JURISDICTION

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs*[1] values 'of economy, convenience, fairness, and comity.' " *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.1997) (en banc)(citations omitted). A district court need not "articulate why the circumstances of [the] case are exceptional" to dismiss state-law claims pursuant to 28 U.S.C. section 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478–79 (9th Cir.1998) (quoting *Exec. Software*, 24 F.3d 1545, 1557 (9th Cir. 1994).

The Court declines to exercise supplemental jurisdiction over, and dismisses without prejudice to being filed in state court, Plaintiffs' state law claims according to 28 U.S.C. Sections 1367(c)(3) and 1367(c)(2). First, the Court has dismissed all claims over which it has original jurisdiction—the FLSA claim. 28 U.S.C. §1367(c)(3). Moreover, even if Plaintiffs adequately amend their FLSA complaint to state a valid claim, the state law claims substantially predominate over the FLSA claim, which is the only claim over which this Court has original jurisdiction. 28 U.S.C. §1367(c)(2). The only facts that will be relevant to the Plaintiffs' FLSA claim are whether they were not paid the required minimum wage for all hours worked, and whether they were not paid the required overtime

---

[1] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

wage for any hours worked in excess of forty in a given week. The state law claims raise a multitude of questions and issues that are irrelevant, and at best tangentially related to the FLSA claim. For instance, the state law claims require determinations of whether adequate breaks were provided, whether overtime was paid for hours worked in excess of eight in any given day, whether accurate wage statements were provided by Defendant according to California law, and the resolution of a number of other factual and legal disputes which will need to be determined according to California state law. In fact, it seems to be the failure to provide the state-law-mandated breaks which are the crux of the Plaintiffs' complaint. The Plaintiffs state as much in their response. [Doc. No. 18 at 2 (stating "all the causes of action arise at least in part from Defendant's meal and rest break policy.").] The Court finds that this state law issue substantially predominates over the federal claim. The Court is not persuaded by Plaintiffs' assertion that their state law claims derive from their FLSA claims, as Plaintiffs originally filed this action in state court without asserting the FLSA claim.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED** with leave to amend as to the FLSA claim. The Court **DECLINES** to exercise supplemental jurisdiction over, and dismisses without prejudice to filing in state court, the state law claims. As a result, the motion to compel arbitration is deemed moot and is **DENIED** without prejudice.

Plaintiffs may file an Amended Complaint, containing only an FLSA claim, no later than **July 7, 2017**. If no Amended Complaint is filed by that date, the case shall be **DISMISSED WITHOUT PREJUDICE AND WITHOUT FURTHER COURT ORDER.**

IT IS SO ORDERED.

Dated: June 16, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge